### In re MAHAFFEY.

No. 30293.

District Court, W. D. New York.

April 10, 1940.

George A. King, of Corning, N. Y., for bankrupt.

Argetsinger & Valent, of Watkins Glen, N. Y., for mortgagees.

KNIGHT, District Judge.

 January 19, 1940, Florence C. Mahaffey filed a debtor's petition in proceedings under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. A meeting of creditors was held before the Conciliation Commissioner. No composition or extension proposal having been agreed upon, on April 6, 1940, the above-named petitioner filed an amended Debtor's Petition. When the original petition was filed, there was pending an action of foreclosure on lands owned by the petitioner and the lands were advertised to be sold on March 23, 1940. On March 18, 1940, this court granted an order staying the sale on such foreclosure on the ground of the pendency of the bankruptcy proceedings. The plaintiffs (mortgagees) in the said foreclosure action now move this court for an order setting aside the stay aforesaid and dismissing the bankruptcy proceedings. The basis for this motion is that the petition in bankruptcy "was not filed in good faith in that her plan for composition or extension is not feasible * * *." The moving papers, in substance, recite that the debtor offered to pay a rental of $25 a month for the encumbered real estate and this is scarcely sufficient to pay current taxes upon the premises. They include other statements tending to show the probable inability of rehabilitation. The Conciliation Commissioner reported that in his opinion the petition was not filed in good faith and that debtor's financial condition was such that she "was beyond all hope of rehabilitation." Such a finding by the Commissioner is not within the province of his office. This determination can not be made till an adjudication in bankruptcy. The debtor has the absolute right to file a petition for adjudication as a bankrupt and to follow the procedure provided by law with the purpose to retain possession of her property. It is true that the likelihood of financial rehabilitation appears extremely doubtful. While the petitioner in her original schedules valued her total assets at $17,551.-38, upon the hearing before the Commissioner she placed this value at $8,338.61. She owes unpaid taxes in the amount of $3,000, secured claims in the amount of $14,273.74, and unsecured claims of about $194.95.

The statute provides that either upon the filing of the amended debtor petition, or at the first hearing thereunder, the debtor may petition for an appraisal of his property, a setting off of exemptions and the retention of property under the supervision of the court. Such a hearing has not been held. Provided the debtor makes such a petition, further proceedings will be had before the Referee, subject, of course, to review by the court.

 The courts have gone a long way to extend their protecting arms around the farmer-debtor. The recent case of John

Hancock Ins. Co. v. Bartels, 308 U.S. 180. 60 S.Ct. 221, 223, 84 L.Ed. 176, clearly states that the "reasonable probability of the financial rehabilitation" is not required to be shown to permit an extension and that "lack of good faith" is not to be imputed from such improbability. See also Wright v. Vinton Branch, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455; Adair v. Bank of America, 303 U.S. 350, 58 S.Ct. 594, 82 L.Ed. 889. It is not intended to be understood that the debtor is entitled to an extension under any and all circumstances. If the debtor can not pay adequate rent and maintain the property, these are factors which should be considered. A stay of the foreclosure is not an absolute one. Wright v. Vinton Branch, supra. Any question in that regard must await the action of the Referee and the Court.

It follows that the foreclosure proceedings should be stayed pending the first hearing on the debtor's petition before the Referee or until the further order of this court.